# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CARMEN BOSTON-SISNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-00668-DGK-SSA |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Carmen Boston-Sisney ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of mild degenerative disc disease, mild peripheral neuropathy, depression, anxiety, posttraumatic stress disorder, and a cognitive disorder, but retained the residual functional capacity ("RFC") to perform work as a cafeteria attendant, garment sorter, and folding machine operator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application on April 23, 2013, initially alleging a disability onset date of December 31, 2007, later amended to April 23, 2013. The Commissioner denied the

application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on April 10, 2015, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 25, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through Step Four of the analysis the claimant bears the

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred by: (1) not supporting his finding that Plaintiff did not meet Listing 12.05C; and (2) discounting Plaintiff's credibility.

### I. The record as a whole supports a finding that Plaintiff does not meet Listing 12.05C.

First, Plaintiff argues remand is required because the ALJ did not support his finding that Plaintiff did not meet Listing 12.05C with substantial evidence because the ALJ discounted the validity of Plaintiff's IQ score and considered her work history.

At Step Three, the Plaintiff must show her impairment or combination of impairments meet or equal all of the specified criteria in a listing. *See Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Under Listing 12.05, a claimant must meet both the capsule definition of the listing and at least one of the four severity prongs. *See Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006). Listing 12.05 requires a threshold showing that the claimant suffers from "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period [i.e., before the age of twenty-two]." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. Then, the claimant must show she has met the requirements of one of the severity prongs. Prong C requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* § 12.05C.

---

burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Here, the ALJ found the Plaintiff had deficits in intellectual functioning, but that her work history and activities of daily living do not support a finding that she had a deficit in adaptive functioning.

In August 2013, Plaintiff underwent an IQ test and received a score of 63. The ALJ discounted the validity of the score because: (1) Plaintiff did not have her "reading glasses" which may have compromised her performance on the test; (2) the examiner diagnosed Plaintiff with a cognitive disorder rather than mild mental retardation; (3) there was no evidence of a learning disorder during Plaintiff's school years; and (4) Plaintiff's work history included semi-skilled work.

An IQ score of 60 through 70 is required under Listing 12.05C, however the ALJ is not required to accept a claimant's IQ score and may discount an IQ score if it is inconsistent with the record. *Miles v. Barnhart*, 374 F.3d 694, 699 (8th Cir. 2004). An IQ score must be examined in light of the full record including daily activities and behavior. *Id.*

Even assuming Plaintiff's score was not affected by the absence of her reading glasses, the ALJ's decision to discount the validity of the IQ score is supported by substantial evidence. There is mixed information in the record as to the extent of Plaintiff's learning challenges during her school years, however, the record demonstrates she graduated high school, attended a year-long certified nursing assistant program, and worked in semi-skilled jobs over the past ten years. Additionally, Plaintiff's activities of daily living include independently handling her own personal care, caring for her 14-year old son, cooking, shopping, and driving. With assistance from others she could also managing her finances, perform yard work, and care for pets. Thus, the ALJ's decision to discount Plaintiff's IQ score in light of her educational background, work history, and activities of daily living is consistent with Eighth Circuit law. *See, e.g.*, *McGee v.*

*Astrue*, 291 Fed. App'x. 783, 787 (finding the ALJ did not err by discounting the plaintiff's IQ score because it was inconsistent with the plaintiff's medical history, prior work history, and daily activities).

Next, the ALJ found Plaintiff lacked significant deficits in adaptive functioning because she had a history of semi-skilled work, extensive daily activities, and she graduated high school. R. at 12.

As discussed above, Plaintiff's education, work history, and activities of daily living support the ALJ's finding that Plaintiff does not suffer from a significant deficit in adaptive functioning, even in light of evidence that Plaintiff needs assistance with caring for pets, yard work, counting change, maintaining a checkbook register, and following instructions. *See e.g.*, *Ash v. Colvin*, 812 F.3d 686, 690 (8th Cir. 2016) (finding no deficit in adaptive functioning where plaintiff attended special education classes, had learning difficulties, and experienced difficulty counting change, but lived independently, performed personal care and household tasks, drove a car, used a computer, and socialized with others); *Scott v. Berryhill*, No. 16-1931, 2017 WL 1521518 (8th Cir. Apr. 28, 2017) (finding no deficit in adaptive functioning where plaintiff did not complete high school, attended special education classes, work history of unskilled and semi-skilled jobs, could not balance a checkbook or manage finances without assistance, but lived independently, had a driver's license, shopped for groceries, cooked, and performed household tasks).

The record supports the ALJ's decision to discount Plaintiff's IQ score and the ALJ's finding that Plaintiff does not have a significant deficit in adaptive functioning. Thus, the ALJ did not err in his finding that Plaintiff does not meet Listing 12.05C.

## II. The ALJ properly considered Plaintiff's activities of daily living and treatment history in his credibility assessment.

Finally, Plaintiff complains the ALJ improperly discounted her credibility by relying on her treatment history and considering her activities of daily living.

In evaluating the intensity and persistence of a claimant's symptoms, such as pain, the ALJ will assess the claimant's credibility. The Eighth Circuit requires the ALJ to consider the following factors in evaluating a claimant's credibility: "(1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Buckner*, 646 F.3d at 558 (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). Of course, "[t]he ALJ need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004) (internal citations omitted). "It is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints." *Id.* "If the ALJ discredits a claimant's credibility and gives a good reason or doing so," the court must defer to the judgment of the ALJ even if every *Polaski* factor is not discussed in depth. *Id.*

Here, the ALJ discounted Plaintiff's credibility as to the intensity, persistence, and limiting effects of her alleged symptoms. R. at 14. In coming to this conclusion, the ALJ thoroughly discussed the medical records, treatment notes, medications, medical opinions in the record, and Plaintiff's daily activities.

First, the ALJ did not err by concluding, based on Plaintiff's treatments, her subjective complaints as to her mental limitations were not entirely credible. The ALJ recognized Plaintiff received ongoing treatment for her depression and anxiety and was found to have some cognitive deficits. R at 16. However, Plaintiff's treatment notes demonstrate her mental impairments are not disabling because while she has some deficits, she continuously reports her mood as "okay"

and is otherwise stable. R. at 285 (mood is "okay," energy is "okay," motivation is "okay," but could not spell the word "world" backwards); 289 (mood is "okay," thought processes organized, future oriented and goal focused, but concentration is decreased, limited insight, judgment, and impulse control); 300 (mood is "euthymic," better focused this evaluation, but poor insight and judgment); *see also* R. at 339, 344. Thus, the ALJ did not err by considering Plaintiff's treatment history in supporting his finding that Plaintiff's subjective complaints were not entirely credible.

Finally, because the ALJ considered Plaintiff's daily activities in conjunction with the medical and other evidence in the record, there is no error. *See Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015).

## Conclusion

The Court finds the ALJ's determination that Plaintiff not disabled is supported by substantial evidence and the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  June 2, 2017     /s/ Greg Kays
                        GREG KAYS, CHIEF JUDGE
                        UNITED STATES DISTRICT COURT